UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

INEZ TITO LUGO,

        Petitioner,

   v.

WARDEN OF THE CALIFORNIA
MEDICAL FACILITY, et al.,

        Respondents.

NO. CIV. S-99-1151 LKK/GGH P

O R D E R

Petitioner, a state prisoner proceeding pro se, has filed this application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On September 3, 2004, the magistrate judge in the above-captioned case issued findings and recommendations recommending that this action be dismissed for failure to state a claim upon which relief could be granted. Petitioner filed objections to the findings and recommendations.

1

The court is in agreement with the magistrate judge's conclusions concerning claims one (1) and two (2) and claims five (5) and six (6). With respect to claims three (3) and four (4), the court seeks additional clarification. Claims three (3) and four (4) involve the issue of the failure to obtain a waiver of presence during the read back and play back of trial testimony during jury deliberations.[1] See Turner v. Marshall, 63 F.3d 807, 815 (9th Cir. 1995)(defendant must personally waive his right to be present at read back of trial testimony)(overruled on other grounds by, Tolbert v. Page, 182 F.3d 677 (9th Cir. 1999)); see also United States v. Felix-Rodriguez, 22 F.3d 964, 967 (9th Cir. 1994)(error to permit replay of testimony without first obtaining defendant's personal waiver of his right to be present).

Failure to allow the defendant to be present at the read back of testimony is constitutional error, subject to harmless error review. Hegler v. Borg, 50 F.3d 1472, 1477 (9th Cir. 1995). On collateral review, the district court must determine whether the error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 638 (1993); Hegler v. Borg, 50 F.3d 1472, 1477 (9th Cir. 1995).

---

[1] The court reviews these two claims de novo. These claims were raised in the petitioner's habeas petition filed in the California Supreme Court. The California Supreme Court rejected this petition on procedural grounds and did not consider the merits of the claims. Accordingly, the court is not bound by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") standard of review and conducts a de novo review of these claims. Pirtle v. Morgan, 313 F.3d 1160, 1167-68 (9th Cir. 2002).

1   The court requests the assistance of the Federal Defender to
2 determine the effect of the petitioner's non-waiver.  It is unclear
3 to the court what remedies and procedures are appropriate in light
4 of this error.[2]  The court requests that the Federal Defender, in
5 consultation with petitioner, propose an appropriate remedy or
6 procedure to address this error.

7   In light of the complexity of the legal issues involved, the
8 court has determined that the interests of justice require
9 appointment of counsel.  See 18 U.S.C. § 3006A(a)(2)(B); see also
10 Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

11   Accordingly, IT IS HEREBY ORDERED that:

12   1.  The Federal Defender is appointed to represent
13 petitioner;

14   2.  The Clerk of the Court is directed to serve a copy of the
15 petition, the magistrate judge's findings and recommendations, and
16 this order on Quin Denver, Federal Defender; and
17 ////

---

[2] Several courts confronting the issue of read backs of testimony outside the presence of the defendant have found harmless error, but have done so only after an evidentiary hearing at which the relevant parties, such as the court reporter or jurors, were questioned.  Turner, 63 F.3d at 815; see also Hegler, 50 F.3d at 1478 (finding no prejudice where court reporter who did not remember read back in questions, testified that she was trained to read back testimony in a neutral manner); Lee v. Marshall, 42 F.3d 1296, 1298 (9th Cir. 1994)(finding after an evidentiary hearing that allowing the presence of a government agent in the jury room during a playback of testimony constituted harmless error); Bustamante v. Eyman, 456 F.2d 269, 274 (9th Cir. 1972)(requiring an evidentiary hearing to determine if a replay of jury instructions outside defendant's presence constituted harmless error).

```
 1       3.  A Status Conference is now SET for December 5, 2005 at
 2  1:30 p.m. in Courtroom No. 4.  As he is now represented by counsel,
 3  petitioner need not be present.
 4       IT IS SO ORDERED.
 5       DATED:  September 20, 2005.
 6                                    /s/Lawrence K. Karlton
                                      LAWRENCE K. KARLTON
 7                                    SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT
 8
```