DANIEL J. BRODERICK, Bar #89424
Acting Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Petitioner
INEZ TITO LUGO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INEZ TITO LUGO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE CALIFORNIA<br>MEDICAL FACILITY, et al.,<br><br>　　　　　Respondents.<br>_____ | NO. Civ. S-99-1151 LKK GGH<br><br>**CERTIFICATE OF APPEALABILITY** |

　　　Under authority of Title 28, United States Code section 2253(c), and Federal Rule of Appellate Procedure 22(b)(1), the Court hereby certifies that there is cause for an appeal in the above-entitled case. Accordingly, a certificate of appealability is hereby granted as to the following issues:

　　　(1)　Whether the trial court violated Mr. Lugo's right to due process when it permitted the playback of a videotape and a read back of testimony to the jury when Mr. Lugo was not present and did not waive his presence;

　　　(2)　Whether Mr. Lugo's right to counsel was violated when his counsel was not present during the playback of the videotape and the read back of the testimony to the jury;

　　　(3)　Whether Mr. Lugo's rights to due process and a fair trial were violated when the trial judge was not present when the videotape was played back and the testimony was read back to the jury;

    (4)    Whether the harmless error standard enunciated in *Chapman v. California*, 386 U.S. 18 (1967), rather than in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), applies to Mr. Lugo's claims that were denied in the state court on procedural grounds, *see Fry v. Pliler*, 127 S. Ct. 763 (2006)(*per curiam*);

    (5)    Whether the trial court denied Mr. Lugo due process by failing to conduct a competency hearing;

    (6)    Whether Mr. Lugo was denied due process by being tried despite being incompetent;

    (7)    Whether Mr. Lugo was denied due process when he was induced to waive his right to a bifurcated trial on issues of guilt and sanity by a promise that was not fulfilled;

    (8)    Whether Mr. Lugo was denied his rights to due process and trial by jury when the court erroneously instructed the jury during the sanity phase; and,

    (9)    Whether the trial court denied Mr. Lugo due process when it struck the testimony of a defense witness.

IT IS SO ORDERED.

DATED: March 30, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT